UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LYNN HOGUE, JR., | No. C 09-3234 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SANTA CLARA COUNTY MAIN JAIL IN SAN JOSE "MEDICAL" ADULT CUSTODY HEALTH SERVICES, | |
| Defendant. / | |

## INTRODUCTION

Jimmy Lynn Hogue, Jr., an inmate at the Santa Clara County main jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning his medical care at the jail. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A.   Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

It is not clear from the complaint whether Hogue was a pretrial detainee or a convict at the relevant time. His claims would arise under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee and under the Eighth Amendment if he had been convicted, although the Eighth Amendment serves as a benchmark for evaluating the Fourteenth Amendment claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1976). To prove that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Hogue alleges in his complaint that he has a history of seizures and has taken Dilantin and Neurontin for his condition for several years. His exhibits and allegations suggest that members of the medical staff at the jail purposefully were adjusting his medicines and replacing one with a different medicine. Hogue alleges that his Neurontin was stopped on

2

February 18, 2009, he had a seizure the next day, was taken to the E.R., and his Neurontin was resumed. He further alleges that his Neurontin was stopped on March 17, 2009, and his Dilantin was stopped on March 18, 2009. At that time, his medicines allegedly were adjusted so he would receive Neurontin and Keppra. His prayer for relief requests a renewal order for his Neurontin at 2400 mg. per day and Dilantin at 300 mg. per day. Complaint, p. 3.

The complaint does not state a claim upon which relief may be granted against any defendant. First, the complaint does not name any individual defendants and does not link any defendant to his claim. Plaintiff's complaint describes what happened to him, but he must allege who caused the actions to happen (e.g., who caused his medicines to be stopped, reduced and changed) in order for anyone to be held liable. In his amended complaint, he needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved person by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.

If plaintiff does not know the true names of the individuals he believes violated his constitutional rights, the way to deal with the unknown persons is to refer to them as John Doe defendants (for the men) and Jane Doe defendants (for the women). If plaintiff does not know the true name of the alleged wrongdoers, he may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe #2, Jane Doe # 1, Jane Doe # 2, etc. He must allege what each Doe defendant did or failed to do that amounted to deliberate indifference to his serious medical needs. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint

3

at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The burden remains on the plaintiff to promptly discover the real names of the Doe defendants; the court will not undertake to investigate the names and identities of unnamed defendants.

Second, the complaint does not allege that anyone acted with the necessary mental state of deliberate indifference. To be liable for deliberate indifference to Hogue's need for seizure medicines, a defendant would have to know of a serious risk of harm to Hogue in stopping, reducing or changing his medicines, and fail to take reasonable steps to address that risk.

Third, plaintiff attached several grievances to his complaint apparently as a way to explain his problem. The court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is plaintiff's obligation to write out a complete statement of his claim in his amended complaint. The court also notes that several of the exhibits attached to the complaint were of such poor copy quality that the court cannot read the handwriting on them.

B.     Motion For *Pro Per* Supplies

Plaintiff filed a motion for pro per supplies of 30 stamps, 3 pads of paper, and 3 telephone calls a week. The motion is DENIED. (Docket # 3.) The court does not supply litigants with supplies necessary to prosecute their actions. The court also will not order the jail to provide the requested materials to the litigant. As evidenced by the jail's "instructions for pro per inmates" attached to plaintiff's motion, there are established procedures for unrepresented litigants at the jail. Plaintiff should comply with those instructions to obtain whatever supplies or privileges the jail provides to unrepresented civil litigants.

**CONCLUSION**

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **May 7, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede

4

1  existing pleadings.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)
2  ("a plaintiff waives all causes of action alleged in the original complaint which are not
3  alleged in the amended complaint.")  Failure to file the amended complaint by the deadline
4  will result in dismissal of this action.

    IT IS SO ORDERED.

Dated: April 1, 2010

                                                      _____
                                                      Marilyn Hall Patel
                                                      United States District Judge

**United States District Court**
For the Northern District of California